# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TROY WERNER,

                Plaintiff,

v.

METALCRAFT OF MAYVILLE, INC.,

                Defendant.

Case No. 20-CV-445-JPS

**ORDER**

On March 20, 2020, Plaintiff filed a complaint alleging violations of the Fair Labor Standards Act ("FLSA") and Wisconsin state law. (Docket #1). Plaintiff is one of approximately seven Metalcraft employees to file such an action before this branch of the Court. This proliferation of cases from Metalcraft employees is the result of a decertified FLSA case currently pending before Magistrate Judge William E. Duffin. *See Mazurek v. Metalcraft of Mayville, Inc.*, Case No. 17-CV-1439 (Docket #63). On May 22, 2020, Defendant answered the complaint. (Docket #8).

After engaging in an initial round of discovery, Defendant filed a safe harbor letter pursuant to Federal Rule of Civil Procedure 11, as well as a draft motion for sanctions. (Docket #11 at 1). Defendant warned Plaintiff that the lawsuit was frivolous because Plaintiff did not work enough hours in any given week to reach forty hours, and therefore did not have a claim for overtime. *Id.* at 1–2. The very next day, Plaintiff's counsel withdrew its discovery requests. *Id.* at 2. A week later, after determining that Plaintiff did, in fact, have a claim for overtime for one particular week, Plaintiff's counsel sought a stipulation of dismissal with prejudice and without fees, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). However,

Defendant refused to stipulate to a dismissal without fees. Thus, on July 7, 2020, Plaintiff filed a motion to dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which permits courts to dismiss an action "at the plaintiff's request. . .on terms that the court considers proper." (Docket #9). Defendant opposed the motion to dismiss, and filed its own motion for attorneys' fees. (Docket #12, #15). The motion to dismiss is now fully briefed, (Docket #16), and will be granted for the reasons explained below. The motion for fees will be denied.

In typical lawsuits, "fees are not awarded when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again." *Cauley v.* Wilson, 754 F.2d 769, 772 (7th Cir. 1985) (citations and quotations omitted). Defendant encourages the Court to adopt the Third Circuit's view that even if a case is dismissed with prejudice, attorneys' fees can be awarded "under exceptional circumstances. *Carroll v. E. One Inc.*, 893 F.3d 139, 148 (3d Cir. 2018) (finding exceptional circumstances is a "high bar for litigants to meet," but existed where plaintiff's counsel routinely ignored multiple, unequivocal warnings that the case was unmeritorious, and proceeded with depositions). In the alternative, Defendant contends that 28 U.S.C. § 1927 allows courts to award "excess costs, expenses, and attorneys' fees" incurred by a person who "multiplies the proceedings in any case unreasonably and vexatiously."

Neither of these standards persuades the Court to award fees in this case. As discussed above, Plaintiff filed this action after the FLSA collective, of which he was originally a member, was disbanded. He paid the $400 filing fee and bore the costs of service. The parties did not engage in motion practice, attend hearings, or otherwise expend significant resources at the beginning stages of the litigation. After engaging in a first round of

discovery—and promptly withdrawing that first round of discovery in order to investigate Defendant's safe harbor letter—Plaintiff elected to dismiss the case. All told, the lawsuit lasted about three months. Its most litigious moment is this fee dispute.

Defendant argues that the Court should impose fees "because of the clear objective unreasonableness" of Plaintiff's FLSA claim; specifically, that "Plaintiff's attorneys had the work and payroll records for two years that detailed [Plaintiff] worked less than 40 hours in each of the two weeks of his employment, but. . .still made a claim for uncompensated overtime[.]" (Docket #13 at 3). However, Plaintiff's submissions bely this—Plaintiff contends that for at least one of those weeks, Plaintiff *did* have a claim under the FLSA. (Docket #11 at 2). The fact that Plaintiff ultimately elected to dismiss that claim does not render the lawsuit vexatious. Rather, it appears that Plaintiff would have been well within his rights to pursue it. Moreover, as Plaintiff pointed out in the reply, the dismissal with prejudice precludes Plaintiff from filing a claim for unpaid overtime—which works in Defendant's favor. (Docket #16 at 4). Finally, none of Plaintiff's conduct suggests an intent to prolong an unmeritorious lawsuit. It goes without saying that these circumstances are hardly exceptional, and do not warrant attorneys' fees *in addition to* a dismissal with prejudice. Therefore, the Court will grant Plaintiff's motion to dismiss, and dismiss the case with prejudice, and without costs and fees awarded to either party.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to dismiss (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's motion for attorneys' fees (Docket #12) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**, with each party to bear its own costs and fees.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2020.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge